UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBBLER NEVADA, LLC,

    Plaintiff,

v.

DOES 1-32,

    Defendant(s).
_____/

Case No. 15-cv-12782

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

This matter is before the Court on Plaintiff, Cobbler Nevada, LLC's motion for leave to serve third party subpoenas on the Internet Service Providers, Comcast Cable and Charter Communications ("the ISPs"), seeking the name and contact information of the John Doe Defendants identified in the complaint, prior to a Rule 26(f) conference. *See* Dkt. No. 3.

Having reviewed the complaint, Plaintiff's Motion, and the accompanying exhibits, the Court is satisfied that there is good cause to issue Rule 45 subpoenas prior to the Rule 26(f) conference.

Accordingly, Plaintiff's Motion is **GRANTED**, as follows:

1. Plaintiff may serve Rule 45 subpoenas on the ISPs in order to identify the actual name and contact information for DOES 1-32, who are associated with the IP addresses listed in Plaintiff's Complaint. *See* Dkt. No. 1, Exhibit B. The subpoena will be limited to **only** the following information about the Defendants: name, address, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the Defendant.

3. The ISPs shall in turn serve a copy of the subpoena and a copy of this Opinion and Order on the subscribers, DOES 1-32, within 30 days from the date of service of the subpoena on the ISPs. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscribers' last known addresses, transmitted either by first-class mail or via overnight service.

4. Nothing in this Opinion and Order precludes the ISPs or Defendants from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISPs.

5. If the ISPs or the subscribers file a motion to quash or a motion for a protective order, the ISPs shall preserve the information sought by the subpoena pending resolution of such a motion.

6. Any information disclosed to Plaintiff by the ISPs may be used by the Plaintiff **only** for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

7. Any entity that receives a subpoena and elects to charge for the costs of production, shall provide a billing summary and any cost reports that serve as a basis for the billing summary, along with any other costs claimed.

IT IS SO ORDERED.

Dated: September 11, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge